UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

MICHAEL GIARDINA and
PETER CROCKER,

                Plaintiffs,

    -against-                         **OPINION & ORDER**
                                              CV 07 01466 (SJF)(MLO)

WASHINGTON MUTUAL BANK,

                Defendant
--------------------------------------------------------X
FEUERSTEIN, J.

I.    Introduction

    Plaintiffs Michael Giardina ("Giardina") and Peter Crocker ("Crocker," and, together with Giardina, "Plaintiffs") bring this action against Washington Mutual Bank ("Defendant"), alleging, *inter alia,* breach of contract and violation of the New York State Labor Law, N.Y. Labor Law § 190 *et seq.* ("NYLL"). Defendant moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated herein, the motion converted to a motion for summary judgment pursuant to Federal Rules Civil Procedure 56.

II.    Facts and Procedural History

    Plaintiffs were employed by Defendant, Giardina from August 1991 to February 2005, and Crocker from May 1986 to February 2005. Both Plaintiffs were Retail Loan Consultants and at will employees.

    Plaintiffs allege that they are entitled to additional earned compensation through Defendant's "Loan Consultant Incentive Plan," "Contingency Compensation Plan" and "Equity

Compensation Plan." (Amended Complaint ("Am. Compl.") ¶ 14). They further claim that they are entitled to additional compensation from undefined "EIA" and "SERP" adjustments as well as unspecified amounts of unpaid sales commissions. (Am. Compl. ¶ 18-19, 26-27). Plaintiffs allege that they were terminated in February 2005 to avoid payment of their allegedly earned bonuses, adjustments and commissions. (Am. Compl. ¶ 25).

On January 10, 2006, Plaintiffs commenced action 06-CV-114 in this Court against Washington Mutual Bank FA, based on the same facts as the instant action. By stipulation, the action was withdrawn "for the purpose of [allowing] Plaintiffs to re-file" against Defendants pursuant to 12 U.S.C. § 1464(x). (Stipulation, March 22, 2007, 06-CV-114, Docket #28).

III. The Motion to Dismiss

In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. See Roth v. Jennings, 489 F.3d 499, 510 (2d Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir.1995) (internal quotations and citation omitted). In other words, "'the office of a motion to dismiss is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of New York, 375 F.3d 168, 176 (2d Cir. 2004) (quoting Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir. 1980)). However, in order to withstand a motion to dismiss, a complaint must plead "enough facts to state a claim for relief that is plausible on its

face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007); Patane v. Clark, 508 F.3d 106, 111-112 (2d Cir. 2007). Under the Bell Atlantic standard "formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp., 127 S.Ct. at 1965

The "plausibility" language requires a pleader to "amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." Iqbal v. Hasty, 490 F.3d 143, 158 (2d Cir. 2007). Thus, "[t]o survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI Communications, In. v. Shaar Fund, Ltd., 493 F.3d 87, 99 (2d Cir. 2007) (quoting Bell Atlantic Corp., 127 S. Ct. At 1965). Although "'the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice.'" Reddington v. Staten Island University Hospital, 511 F.3d 126 (2d Cir. 2007) (quoting Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996)).

Although the Court accepts the allegations of the complaint as admitted, "conclusions of law or unwarranted deductions of fact are not admitted" (First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 771 (2d Cir. 1994)), and the Court may consider "any written instrument attached to [the complaint] as an exhibit, any statements or documents incorporated in it by reference, and any document not incorporated but that is, nevertheless 'integral' to the complaint because the complaint relies heavily upon its terms and effect." Yung v. Lee, 432 F.3d 142, 146 (2d Cir. 2005) (citations omitted).

Although only the Defendant has submitted the documents which apparently governed the Plaintiff's relationship with and claims against Washington Mutual, and despite the fact that Plaintiffs have failed to refute the accuracy or relevance of those documents, or amplify the

allegations of the complaint, since the Court will necessarily rely upon Defendant's submissions in its determination, this motion pursuant to FRCP 12(b) (6) is converted to a motion for summary judgment pursuant to FRCP 56(b). (FRCP 12(d). The parties are ordered to submit any additional relevant material no later than **April 2, 2008**. Simultaneous replies shall be filed on or before **May 1, 2008**.

SO ORDERED.

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: March 25, 2008
Central Islip, New York

Copies to:

Zabell & Associates, P.C.
By: Saul D. Zabell, Esq.
4875 Sunrise Highway
Suite 300
Bohemia, NY 11716

Jackson Lewis LLP
By: Scott T. Baken, Esq.
One North Broadway
White Plains, NY 10601